### John Flynn et al. v. L. M. Todd et al.

1. FRAUD—*Not to be Presumed.*—Fraud is never to be presumed; it must be proved, and a decree upon a creditor's bill which can not be sustained without presuming fraud, will be reversed.

Creditor's Bill.—Trial in the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Hearing and decree for com-

plainants.   Appeal by defendants.   Heard in this court at the May term, 1898.   Affirmed in part and reversed in part.   Opinion filed September 26, 1898.

A. C. LITTLE and J. J. O'CONNOR, attorneys for plaintiffs in error.

ALDRICH, WINSLOW & WORCESTER, attorneys for defendants in error.

MR. JUSTICE WRIGHT delivered the opinion of the court.

In the first instance defendant in error filed a creditor's bill against the plaintiff in error to set aside three conveyances of real estate made by John Flynn to his daughter, Mary Jane Flynn, which had been made subject to certain incumbrances at the time existing upon the property conveyed.   Answers were filed to this bill, and cross-bills were also filed by certain of the defendants to the original bill, one by Case & Uehren, a creditor's bill, and another by Catherine Duggan, to foreclose a mortgage upon the premises.   It was alleged in the original bill, and the cross-bill of Case & Uehren, that the conveyances by the father to the daughter were without consideration, and intended to defraud, hinder and delay the creditors of John Flynn.   Answers were filed to the cross-bills, and the cause, being at issue, was referred to the master to take the evidence and report the same, with directions to state his conclusions of law and fact.   The master reported, finding that the conveyances were fraudulent, and in favor of a decree of foreclosure upon the Duggan cross-bill.   Exceptions to the master's report were overruled by the court, and a decree given confirming it, and setting aside the conveyances, and for foreclosure, subjecting the property to executions in favor of the judgment creditors of John Flynn.   To reverse this decree the present writ of error is prosecuted, and it is insisted the decree is against the evidence.   In support of a *bona fide* consideration for the deeds in controversy both the Flynns testified the daughter had, at different times, loaned the father in the aggregate $3,000 and upward;

that she earned the money by years of work and industry on her part, she being twenty-seven years of age at the time of the trial; that she began working out at the age of fifteen years, and kept and saved her own earnings by her father's permission; that she worked in the first place for John H. Cox, in Aurora, of whom she received in all $612; that she earned, received and saved wages from different persons and in different places and in divers capacities; at the cotton mills in Aurora, five years and three months, $1,552.72; sewing, $473.75. She learned short-hand and type-writing, and in that capacity accepted a position with W. J. Ruhle, in Chicago, and earned $1,140, and that she earned and received various other sums. Both father and daughter testified they had kept a book account of the sums lent the father from time to time, which was introduced in evidence. It was also claimed and testified by the Flynns that the father had received $7,000 from an uncle of the daughter intended as a gift to the latter, which the father had used and promised to repay. Aside from the testimony of father and daughter there was no evidence concerning the consideration of these conveyances. The property conveyed did not far exceed the incumbrances in value. Complainants introduced evidence tending to negative and discredit some of the sources from which the daughter claimed to have earned and received the money she swears she loaned her father. It is admitted by counsel for the defendants in error that it is not disputed that the young woman earned $1,552 by work in the cotton mills at Aurora, as she had testified. Conceding this important item to be correct, it is not difficult to believe that she was capable of earning other sums, and it is reasonable to conclude that she did so, as stated by her. In some respects the Flynns were corroborated by other witnesses about the earnings of the girl. While the evidence is not entirely satisfactory in every particular, to uphold the conveyances, still the evidence of fraud is doubtful and unsatisfactory, and many steps of inference must be taken to supply it, with little or no justification for so doing, in view of the

whole evidence. Fraud is not to be presumed but must be proved. We are not satisfied with the conclusion that the decree is supported by the evidence and upon full consideration thereof believe it is not. It can not be sustained without presuming fraud. This view of the case supersedes the necessity of discussing the other questions raised by counsel for plaintiff in error. The decree will be affirmed as to the foreclosure, and in all other respects reversed, and the cause remanded at costs of defendants in error, except Duggan and Michels.

Affirmed in part, reversed in part and remanded.